UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pete Garrison,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Minnesota Department of Revenue of the State of Minnesota; Linda Craigie, individually and in her capacity as Supervisor for the Out-of-State East Unit; Pam Evans, individually and in her capacity as Director of the Sales and Use Tax Division; and Kathy Zieminski, individually and in her capacity as Director of Human Resources,<br><br>　　　　　　　　　Defendants. | Case No. 16-cv-2866 (WMW/HB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND AFFIRMING MAGISTRATE JUDGE'S ORDER** |

This matter is before the Court on the May 15, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer, (Dkt. 75), which recommends granting in part Defendants' motion to dismiss Plaintiff's complaint and granting in part Plaintiff's motion for leave to file a second amended complaint. Plaintiff objects to the R&R on several grounds. Plaintiff also appeals Magistrate Judge Bowbeer's April 25, 2017 Order striking as duplicative a later-filed motion for leave to amend the complaint and denying a hearing on that motion. (Dkt. 72.) For the reasons addressed below, the Court adopts the May 15, 2017 R&R as modified and affirms the April 25, 2017 Order.

# BACKGROUND

The relevant factual and procedural background is addressed in detail in the R&R and need not be repeated at length here. On August 24, 2016, Plaintiff Pete Garrison, an employee of Defendant Minnesota Department of Revenue (Department), filed a complaint against the Department and three Department employees in their individual and official capacities. Garrison's original complaint alleges (1) race discrimination and maintaining a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (2) violation of the Age Discrimination in Employment Act (ADEA); (3) violation of the Rehabilitation Act of 1973; (4) violation of the Americans with Disabilities Act (ADA); and (5) liability under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[1] Defendants moved to dismiss Garrison's complaint in its entirety.

After the magistrate judge granted Defendants' motion to strike Garrison's first amended complaint as procedurally deficient, Garrison filed a motion on March 14, 2017, for leave to file a second amended complaint. (Dkt. 31.) The second amended complaint largely advances the same claims as the original complaint, but no longer asserts claims under the Fifth Amendment, the Rehabilitation Act, or the ADEA and states that

---

[1] Although Garrison's original complaint does not expressly identify a violation of the Equal Protection Clause, the R&R observes that the original complaint claims discrimination on the basis of race and that both Garrison's response to Defendants' motion to dismiss and his proposed second amended complaint specifically allege violations of the Equal Protection Clause. Accordingly, the R&R construes Garrison's pro se original complaint liberally to include a Section 1983 claim under the Equal Protection Clause of the Fourteenth Amendment.

2

Garrison's ADA claim is brought under Title II of the ADA. Defendants opposed the motion, arguing that the proposed second amended complaint does not cure the deficiencies outlined in Defendants' motion to dismiss the original complaint and that Defendants would be prejudiced by the delay. On April 7, 2017, Garrison filed his motion for leave to file the second amended complaint a second time, but included additional documents in support thereof. Garrison also requested a hearing, both to address the motion for leave and to address Defendants' motion to dismiss a second time. In an April 25, 2017 Order, the magistrate judge struck Garrison's duplicative motion and supporting documents and denied Garrison's request for a hearing.

The magistrate judge issued an R&R on May 15, 2017, with respect to Defendants' motion to dismiss and Garrison's motion for leave to file a second amended complaint. The R&R recommends granting in part Defendants' motion to dismiss the original complaint. Specifically, the R&R recommends (1) dismissing Garrison's Section 1983 claims against the Department and the named Defendants in their official capacities as barred by Eleventh Amendment immunity; (2) dismissing Garrison's Section 1983 procedural due process claims against the named Defendants in their individual capacities for failure to state a claim and on the basis of qualified immunity; (3) dismissing Garrison's Section 1983 equal protection claims against Defendants Pam Evans and Kathy Zieminski in their individual capacities for failure to state a claim; (4) dismissing Garrison's Title VII claims to the extent that those claims (a) are asserted against the named Defendants in their individual capacities, (b) are asserted against Evans and Zieminski in their official capacities, or (c) arise from alleged conduct that is time-barred

because it occurred before November 9, 2013; (5) dismissing Garrison's claims under the ADEA, the Rehabilitation Act, and Title I of the ADA for failure to exhaust administrative remedies, and (6) dismissing Garrison's claim under Title II of the ADA for failure to state a claim.

The R&R also recommends granting in part Garrison's motion for leave to file a second amended complaint, but only to the extent that the second amended complaint advances claims that are not subject to the foregoing recommended dismissals. In addition, the R&R recommends that, although Garrison's service of the original complaint was improper, the circumstances warrant permitting Garrison a limited 30-day period in which to properly serve the second amended complaint on Defendants.

Garrison filed objections to certain aspects of the R&R. Garrison objects to (1) the R&R's recitation of certain facts, (2) the recommended dismissal of Garrison's Section 1983 equal protection claim against Evans in her individual capacity, (3) the recommended dismissal of Garrison's Section 1983 procedural due process claims against the named Defendants in their individual capacities, (4) the recommended dismissal of Garrison's Title VII race discrimination claim against Evans in her official capacity, (5) the R&R's failure to address Garrison's Title VII hostile-work-environment claim, and (6) the R&R's conclusion that Garrison improperly served the original complaint. Defendants did not object to the R&R. But in response to Garrison's objections, Defendants assert that this Court should adopt the R&R in full. Now pending before this Court are the R&R, Garrison's objections to the R&R, and Garrison's appeal of the magistrate judge's April 25, 2017 Order.

# ANALYSIS

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). The district court reviews *de novo* those portions of the R&R to which a specific objection is made, and the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court reviews for clear error those portions of an R&R to which no objections are made. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

When reviewing an appeal of a magistrate judge's order on a nondispositive issue, the district court's standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). A district court must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter and shall modify or set aside any part of the magistrate judge's ruling that is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A nondispositive ruling is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A nondispositive ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

## I. Garrison's Objections to the May 15, 2017 R&R

Garrison objects to certain factual statements in the R&R, the recommended dismissal of several of Garrison's claims, the R&R's failure to address Garrison's Title VII hostile-work-environment claim, and the R&R's conclusion that Garrison improperly served the original complaint. The Court addresses each of these objections in turn.

### A. Garrison's Factual Objections

Garrison first objects to certain aspects of the R&R's recitation of the procedural and factual background. In doing so, Garrison seeks to elaborate on or provide context to certain facts described in the R&R and to correct several alleged factual and typographical errors in the R&R. Even if Garrison's factual corrections and elaborations are true, they are immaterial to and do not alter the merit of the R&R's analysis and recommendations. Accordingly, the Court overrules Garrison's factual objections to the R&R.

### B. Garrison's Section 1983 Equal Protection Claims

Garrison's objections to the R&R that pertain to his Section 1983 equal protection claims are limited to the recommended dismissal of those claims as to Evans in her individual capacity. The R&R recommends dismissing these claims because Garrison has not pleaded any direct involvement or personal responsibility of Evans in any alleged equal protection violation. Garrison's objections state, in a conclusory manner, that the proposed second amended complaint "lists numerous examples of Equal Protection violations." Garrison further asserts that Evans was deliberately indifferent and acquiesced to her subordinate's unconstitutional conduct.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal quotation marks omitted). To establish the personal liability of supervisory defendants, a plaintiff "must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [the plaintiff's] constitutional rights." *Id.*

The R&R concludes that neither Garrison's original complaint nor the proposed second amended complaint alleges facts that Evans was personally involved in or directly responsible for discriminatory conduct sufficient to state a Section 1983 equal protection claim. Garrison's objections do not identify any such factual allegations that the R&R overlooked, nor do his objections otherwise alter the merit of the R&R's findings and conclusions. Although the proposed second amended complaint states that Evans demonstrated "active participation [in] applying rules discriminately," this is merely a legal conclusion that the Court need not accept as true on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (stating that legal conclusions couched as factual allegations may be disregarded by the district court on a motion to dismiss). The factual allegations underlying that legal conclusion suggest that Evans directed her subordinates to implement a department-wide policy and that *other* individuals may have selectively implemented the policy in a discriminatory manner. These allegations, when accepted as true and viewed in the light most favorable to Garrison, do not demonstrate Evans's personal involvement or direct responsibility in the alleged discriminatory conduct.

Accordingly, the Court overrules Garrison's objection to the R&R with respect to his Section 1983 equal protection claims.

## C. Garrison's Section 1983 Procedural Due Process Claims

Garrison's objections to the R&R that pertain to his Section 1983 procedural due process claims are limited to the R&R's recommended dismissal of those claims as to Defendants Evans, Zieminski and Linda Craigie in their individual capacities. Garrison argues that these defendants violated his procedural due process rights because Minnesota law and his union contract both require a "just cause" investigation before he may be disciplined.

As the R&R correctly observes, even in cases involving discipline more extreme than that experienced by Garrison, such as termination of employment, "[d]ue process does not require elaborate . . . procedures." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012). Rather, "even an informal meeting with supervisors is sufficient [if] the employee is given notice of the charges, an explanation of the employer's evidence, and an opportunity to respond." *Id.* at 936. And a violation of state law, without more, does not state a claim for a violation of constitutional rights under Section 1983. *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1983). Garrison's reiteration of the "just cause" requirements of Minnesota law and his union contract, which the R&R rejected, do not alter the merit of the R&R's factual findings or legal analysis and conclusions.

Accordingly, the Court overrules Garrison's objection to the R&R with respect to his Section 1983 procedural due process claims.

**D. Garrison's Title VII Claims**

Garrison objects to the R&R with respect to his Title VII claims on two bases. First, he objects to the recommended dismissal of his race-discrimination claim against Evans in her official capacity for failure to state a claim. Second, he objects to the R&R's failure to address his hostile-work-environment claim. The Court addresses each of these objections.

**1. Title VII Race Discrimination Claim**

Garrison objects to the recommended dismissal of his Title VII race discrimination claim against Evans, arguing that Evans is a supervisor who is empowered to take tangible employment action against him. In support of this argument, Garrison cites *Vance v. Ball State University*, 133 S. Ct. 2434 (2013). In *Vance*, the Supreme Court of the United States addressed the circumstances under which an employee may be considered a "supervisor" for the purpose of determining the employer's vicarious liability under Title VII. 133 S. Ct. at 2439. The Supreme Court held that "an employee is a 'supervisor' for purposes of vicarious liability under Title VII if [the employee] is empowered by the employer to take tangible employment actions against the victim." *Id.*

Garrison accurately describes the holding in *Vance*. But the R&R does not recommend dismissal of Garrison's Title VII race-discrimination claim against Evans on the grounds that Evans is not a supervisor or that the Department cannot be vicariously liable for Evans's conduct. Rather, the R&R recommends dismissal of Garrison's Title VII race-discrimination claim against Evans on the same grounds that it recommends dismissal of Garrison's Section 1983 equal protection claim against Evans—namely, for

9

failing to allege facts sufficient to state a claim against Evans for race discrimination. Courts analyze discrimination claims arising under Title VII using the same legal standard as discrimination claims arising under Section 1983, as the R&R does here. *See DePriest v. Milligan*, 823 F.3d 1179, 1185-86 (8th Cir. 2016); *see also Wright v. Rolette Cty.*, 417 F.3d 879, 884-85 (8th Cir. 2005) (observing that "the elements of a prima facie case are the same regardless of which statute the plaintiff uses to seek relief"). The R&R's analysis is legally sound, and Garrison's objection and his reliance on *Vance* are inapposite.

For these reasons, the Court overrules Garrison's objection to the R&R with respect to his Title VII race-discrimination claim against Evans.

### 2. Title VII Hostile-Work-Environment Claim

Garrison also objects on the ground that the R&R failed to address his Title VII hostile-work-environment claim. Garrison argues that the "continuous violations doctrine" permits him to assert a hostile-work-environment claim based on conduct outside the statutory time period. The R&R does not expressly address Garrison's hostile-work-environment claim, and Defendants did not respond to Garrison's objection on this ground.

In support of his argument, Garrison relies on *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *National Railroad*, the Supreme Court rejected the "continuing violation doctrine" with respect to discrete discriminatory acts, which "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 113. This holding is what the R&R correctly relies on to support

its recommendation that Garrison's Title VII race-discrimination claims must be dismissed to the extent that they arise from discrete acts that occurred before November 9, 2013. But the Supreme Court also observed in *National Railroad* that "[h]ostile environment claims are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct." *Id.* at 115. For this reason, the Supreme Court held with respect to a Title VII hostile-work-environment claim that, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

The Court sustains Garrison's objection on this ground. The R&R is modified to clarify that the dismissal of Garrison's Title VII race-discrimination claim as to time-barred conduct does not encompass Garrison's Title VII hostile-work-environment claim, which is not limited to conduct arising within the statutory time period.

**E. Service of Process**

The R&R concludes that Garrison did not properly serve the original complaint on Defendants. The R&R recommends *not* dismissing Garrison's complaint on this ground, however. Instead, the R&R recommends permitting Garrison a limited 30-day period in which to properly serve his second amended complaint on Defendants. For this reason, although Garrison objects to the R&R's conclusion that he did not properly serve the original complaint on Defendants, Garrison's objection on this ground is moot. Moreover, the R&R correctly concludes that Garrison's service of the original complaint

was deficient. Accordingly, the Court overrules Garrison's objection with respect to the service-of-process issue.

In summary, the Court sustains Garrison's objection with respect to his Title VII hostile-work-environment claim and modifies the R&R as to that claim as addressed above. The Court overrules Garrison's objections in all other respects.

## II. Clear-Error Review

This Court reviews for clear error those portions of the R&R to which no objections have been made. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder*, 73 F.3d at 795. Having reviewed those portions of the R&R to which no objections have been made, the Court concludes that the R&R is neither clearly erroneous nor contrary to law. But the Court modifies the R&R to the extent that it resolves Defendants' motion to dismiss before resolving Garrison's motion for leave to file his second amended complaint. In doing so, the Court first grants Garrison's motion for leave to file his second amended complaint and, in turn, construes Defendants' motion to dismiss the original complaint as a motion to dismiss the now-operative second amended complaint. Consequently, the Court grants in part the motion to dismiss, consistent with the R&R as modified herein.

Garrison also has appealed the magistrate judge's April 25, 2017 Order, arguing that the magistrate judge erred by dismissing as duplicative Garrison's April 7, 2017 motion for leave to file a second amended complaint and the documents filed in support thereof. Garrison also argues that the magistrate judge erred by denying his request for a hearing on that motion. In light of the Court's conclusion that Garrison's motion for

leave to file a second amended complaint should be granted, the Court denies as moot Garrison's appeal of the April 25, 2017 Order.

## ORDER

Based on the May 15, 2017 R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Pete Garrison's objections to the May 15, 2017 R&R, (Dkt. 76), are **OVERRULED IN PART** and **SUSTAINED IN PART** as addressed herein.

2. The May 15, 2017 R&R, (Dkt. 75), is **ADOPTED AS MODIFIED** as addressed herein.

3. Plaintiff Pete Garrison's motion for leave to file a second amended complaint, (Dkt. 31), is **GRANTED**, and Garrison is directed to proceed as follows:

    a. No later than 14 days after the entry of this Order, Garrison shall file a redacted version of the second amended complaint that will be publicly available, consistent with the magistrate judge's April 25, 2017 Order; and

    b. No later than 30 days after the entry of this Order, Garrison shall serve the second amended complaint on Defendants consistent with the requirements of the Federal Rules of Civil Procedure and the May 15, 2017 R&R.

4. Defendants' motion to dismiss the original complaint, (Dkt. 5), as construed against the now-operative second amended complaint, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Plaintiff Pete Garrison's claims arising under Title 42, United States Code, Section 1983, to the extent they are asserted against the Department and the

named Defendants in their official capacities, are **DISMISSED WITH PREJUDICE**;

b. Plaintiff Pete Garrison's procedural due process claims arising under Title 42, United States Code, Section 1983, to the extent they are asserted against the named Defendants in their individual capacities, are **DISMISSED WITH PREJUDICE**;

c. Plaintiff Pete Garrison's equal protection claims arising under Title 42, United States Code, Section 1983, to the extent they are asserted against Defendants Pam Evans and Kathy Zieminski in their individual capacities, are **DISMISSED WITH PREJUDICE**;

d. Plaintiff Pete Garrison's race discrimination claims arising under Title VII of the Civil Rights Act of 1964, to the extent they are asserted against Defendant Linda Craigie in her individual capacity and against Defendants Pam Evans and Kathy Zieminski in both their individual and official capacities, are **DISMISSED WITH PREJUDICE**;

e. Plaintiff Pete Garrison's race discrimination claims arising under Title VII of the Civil Rights Act of 1964, to the extent they are asserted against the Department or Craigie in her official capacity and arise from conduct that occurred before November 9, 2013, are **DISMISSED WITH PREJUDICE** as time-barred;

f. Plaintiff Pete Garrison's claims arising under Title II of the Americans with Disabilities Act are **DISMISSED WITH PREJUDICE**; and

g. Defendants' motion to dismiss, (Dkt. 5), is **DENIED** in all other respects.

5. Plaintiff Pete Garrison's appeal of the magistrate judge's April 25, 2017 Order, (Dkt. 72), is **OVERRULED** and the April 25, 2017 Order, (Dkt. 71), is **AFFIRMED**.

Dated: August 7, 2017                                    s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge