UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Garrison, | Case No. 16-cv-2866 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Minnesota Department of Revenue et al., | |
| Defendants. | |

This matter is before the Court on the March 8, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 174.) The R&R recommends granting Defendants' motion for summary judgment. Plaintiff Peter Garrison filed timely objections to the R&R.[1] For the reasons addressed below, the Court overrules Garrison's objections, adopts the R&R, and grants Defendants' motion for summary judgment.

**BACKGROUND[2]**

Garrison is an employee of the Minnesota Department of Revenue (MDOR). His allegations in this employment discrimination lawsuit relate to a three-year period from

---

[1]     Objections to the R&R were due on March 25, 2019. *See* LR 72.2(b)(1); Fed. R. Civ. P. 6(d). Garrison filed objections to the R&R on March 25, 2019, and supplemental objections on April 2, 2019. The Court is not required to consider untimely submissions filed by a party without having obtained permission to do so. However, as Defendants received an opportunity to, and did in fact, respond to the supplemental objections, the Court has considered Garrison's supplemental objections.

[2]     The R&R includes a detailed review of the factual and procedural background that need not be repeated at length here.

about 2012 until early 2015, during which Defendant Linda Craigie supervised Garrison in MDOR's Out-of-State Unit. Garrison's complaint[3] describes multiple negative interactions with Craigie, which Garrison attributes to Craigie's racial bias. Garrison alleges that he was suspended multiple times without cause and ultimately demoted with a commensurate reduction in salary.

After Garrison filed a charge of race discrimination with the United States Equal Employment Opportunity Commission, Garrison's union filed grievances on his behalf. MDOR held a grievance meeting at which Garrison and two union representatives were present, and the parties discussed settlement options. Garrison requested rescission of the disciplinary actions against him and assignment to a new supervisor. Over the next six weeks, the parties negotiated revisions to the settlement agreement, some of which were proposed by Garrison and incorporated into the final agreement. Pursuant to the final settlement agreement, Garrison was reassigned to an office in Arden Hills, Minnesota, with a new supervisor, the length of his suspension was reduced, and he was reimbursed for lost wages attributable to the suspension reduction. The final agreement also provided that Garrison:

> fully and completely releases [MDOR] and the State of Minnesota, and all of their past and present agents, representatives, officers, and employees, in their official and individual capacities, from any and all claims, differences, demands, rights, and causes of action with respect to all of the above-described matters in dispute between the parties[.]

---

[3]     Any reference to Garrison's complaint in this Order is to Garrison's second amended complaint, which is the operative pleading.

Garrison, along with his union representatives, and Defendant Kathy Zieminski, MDOR's Human Resources Director, executed the settlement agreement in March 2015.

Garrison commenced this action in August 2016 against MDOR and three of its employees—Craigie, Zieminski, and Pam Evans (MDOR's Director of the Sales and Use Tax Division). Garrison's second amended complaint includes the following remaining claims: (1) a claim under 42 U.S.C. § 1983 against Craigie, in her individual capacity, for Craigie's alleged violation of Garrison's right to equal protection, (2) claims against MDOR and Craigie, in her official capacity, for race discrimination and maintaining a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and (3) a retaliation claim pursuant to 42 U.S.C. § 2000e-3(a) against Craigie and Evans in their official capacities.

## ANALYSIS

The R&R recommends granting Defendants' motion for summary judgment as to all of the remaining counts. The R&R concludes that Garrison released all but one of his claims as part of the settlement agreement he executed with MDOR. Further, the R&R also concludes that, because Garrison has failed to present evidence raising a genuine issue of material fact as to any of his remaining claims, Defendants are entitled to summary judgment as to all of Garrison's claims, including his claim that Defendants retaliated against him through their implementation of the settlement agreement.

A district court reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Garrison first

objects to the R&R's conclusion that the release of his claims is valid and enforceable.

Garrison also objects to the R&R's conclusion that he has failed to provide evidence raising

a genuine issue of material fact as to any of the remaining claims.[4]

Under Minnesota law, a settlement agreement is a contract. *State ex rel. Humphrey

v. Philip Morris USA, Inc.*, 713 N.W.2d 350, 355 (Minn. 2006). Because the law

encourages settlement of disputes, agreements settling disputes are generally presumed

valid, including those that involve the release of claims. *Sorensen v. Coast-to-Coast Stores

(Cent. Org.), Inc.*, 353 N.W.2d 666, 669 (Minn. Ct. App. 1984). A release of claims is

invalid only when the party challenging the release demonstrates that the agreement was

executed under circumstances establishing either that the party did not intend to release

claims or that insufficient consideration supports the agreement. *Id.*

The R&R concludes that the factual record "clearly demonstrates that Garrison

entered the [settlement] agreement[] intentionally, willingly, and for sufficient and

negotiated consideration." As to Garrison's intent, the language in the release is clear and

uncomplicated and Garrison was represented by two union representatives during

negotiations preceding the execution of the settlement agreement who also were parties to

---

[4]     The Court liberally construes Garrison's filings, as he is appearing *pro se* before the
Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But many of Garrison's objections
either do not address the issues in the R&R or address issues that were not raised before
the magistrate judge. For this reason, the Court's legal analysis and conclusions pertain to
Garrison's objections only to the extent that they challenge the factual characterizations,
reasoning, and conclusions of the R&R. *See Hammann v. 1-800 Ideas.com, Inc.*, 455 F.
Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in [its] objections to an R&R,
raise arguments that were not clearly presented to the magistrate judge.").

the final agreement. *See generally Sorenson*, 353 N.W.2d at 669 (identifying factors supporting the validity of a release such as the clarity and simplicity of language in the release and whether a party was represented). And, as the R&R concludes, the record is "devoid" of any evidence that would raise a genuine issue of material fact that Garrison's execution of the agreement was the product of coercion or duress. *See generally id.* at 670 (stating that duress caused by economic coercion may show the absence of intent to release claims).

The R&R also concludes that Garrison received sufficient consideration in support of the release of his claims. It is not clear, under Minnesota law, whether consideration supporting a release of claims must be "adequate" or whether the parties merely must have exchanged "something of value" between them. *See Chappell v. Butterfield-Odin Sch. Dist. No. 836*, 673 F. Supp. 2d 818, 830–31 (D. Minn. 2009) (discussing the lack of clarity in Minnesota law). The R&R concludes, however, that consideration was sufficient under either legal standard. In exchange for entering the settlement agreement and releasing his claims, Garrison was transferred to a new supervisor and received a reduction in the length of his suspension. Both concessions represent "something of value," and both were critical to the parties' settlement agreement, as Garrison was entitled to neither concession but for the settlement agreement.

Garrison now challenges the sufficiency of consideration. Specifically, Garrison argues that, to be a valid settlement agreement, "it would have been necessary for [Garrison] to receive consideration *on that day*" (emphasis added) and the revisions to the settlement agreement made in response to changes proposed by Garrison are "conditions

5

precedent"—not consideration for Garrison's waiver of rights under the agreement. Both arguments are without merit. Garrison cites no legal support for his proposition that a promisor must receive consideration either simultaneously with the execution of the contract or at least on the same day that the contract is executed.[5] Nor has the Court's research located any.

Garrison's second argument, even if legally sound, fails to defeat the R&R's conclusion that consideration was sufficient. This Court's *de novo* review of the record establishes that Garrison sought reassignment to a new supervisor and rescission of disciplinary action against him. Under the terms of the settlement agreement, Garrison was transferred to a different MDOR unit where he was assigned a new supervisor. MDOR also reduced the length of Garrison's disciplinary suspension, reimbursed Garrison for lost wages and accruals, and converted Garrison's disciplinary demotion to a voluntary demotion. Nothing in Garrison's objections to the R&R contradicts these facts.

The consideration that supports the settlement agreement, including the release of the parties' claims, is sufficient. The settlement agreement is valid. Defendants, therefore, are entitled to summary judgment as to Garrison's equal protection claim (Count I), Title VII claim (Count II), and retaliation claim (Count III) as it pertains to any retaliation that

---

[5]     Garrison's objections are unclear as to which "day" he is referring to. Presumably he means the day that the settlement agreement was executed.

occurred prior to the execution of the settlement agreement.  Accordingly, the Court overrules Garrison's objections and adopts this aspect of the R&R.[6]

## ORDER

Based on the R&R, the foregoing analysis, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Peter Garrison's objections to the March 8, 2019 R&R, (Dkts. 175, 176), are **OVERRULED**.

2. The March 8, 2019 R&R of United States Magistrate Judge Hildy Bowbeer, (Dkt. 174), is **ADOPTED**.

3. Defendants' motion for summary judgment, (Dkt. 127), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  September 17, 2019                          s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge

---

[6]     Garrison's valid release of claims entitles Defendants to summary judgment on all of Garrison's claims, except to the extent he argues that MDOR's actions to implement the terms of the settlement agreement, including reassigning Garrison to Minnesota and reducing his salary, were retaliation for his complaints of discrimination.  The R&R concludes that Defendants are entitled to summary judgment on any such claim because Garrison has not introduced any evidence that creates a genuine dispute of material fact with respect to his retaliation claim.

Because Garrison does not specifically object to this aspect of the R&R, the Court reviews it for clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  Having carefully reviewed this portion of the R&R, the Court finds no clear error.